UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ROBERT C., | * | |
|     Plaintiff, | * | |
| v. | * | Civil Action No. EA-22-1935 |
| COMMISSIONER OF SOCIAL SECURITY, | * | |
| | * | |
|     Defendant. | | |
| | * | |

MEMORANDUM OPINION

On August 4, 2022, Plaintiff petitioned this Court pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Social Security Administration denying his claim for benefits. ECF No. 1. Pending before the Court is a motion by Karl E. Osterhout, Esq., for attorney's fees pursuant 42 U.S.C. § 406(b). ECF No. 18. The Commissioner of Social Security (the Commissioner) "neither supports nor opposes counsel's request for attorney's fees" but asks the Court to consider whether the requested amount of $47,804 constitutes a reasonable fee. ECF No. 20 at 1–2. Because Mr. Osterhout did not file a reply within the prescribed time frame, the motion is fully briefed. No hearing is necessary. Local Rule 105.6 (D. Md. 2023). For the reasons set forth below, the motion is granted in part and denied in part.

I.     BACKGROUND

On September 19, 2023, the Honorable Matthew J. Maddox granted Plaintiff's motion for summary judgment, denied the Commissioner's motion for summary judgment, and remanded the case for further proceedings. ECF Nos. 13–14. This action was reassigned to the undersigned on December 15, 2023. On April 10, 2024, the undersigned awarded Mr. Osterhout $5,600 in attorney fees and $402 in costs pursuant to the Equal Access to Justice Act (EAJA),

28 U.S.C. § 2412.  ECF No. 17.  This award was to compensate him for 29.4 hours of work performed on Plaintiff's behalf.  ECF No. 15-1 at 2.[1]

Plaintiff prevailed on remand and subsequently received a Notice of Award on December 14, 2024, in which he was awarded past-due benefits in the amount of "slightly more than $190,000."[2]  ECF No. 18 ¶¶ 2, 7.  Pursuant to 42 U.S.C. § 406(b), on December 30, 2024, Mr. Osterhout timely filed a motion for attorney's fees to collect the amount the Commissioner withheld for direct payment of an attorney fee ($47,804), which represents 25 percent of the total amount of past-due benefits.  ECF No. 18 ¶ 2; Local Rule 109.2(c).  Mr. Osterhout agrees to reimburse Plaintiff the $5,600 he previously received in EAJA fees.  ECF Nos. 18 ¶ 4; 18-4.

## II.     DISCUSSION

The Social Security Act (the Act) authorizes a reasonable fee for successful representation, not to exceed 25 percent of a claimant's total past-due benefits.  42 U.S.C. § 406(b)(1)(A).  Contingent fee agreements, which are the "primary means by which fees are set" in Social Security cases, are permissible so long as they are "reasonable for the services rendered" and do not exceed the statutory "25 percent boundary."  *Gisbrecht* v. *Barnhart*, 535 U.S. 789, 807 (2002).  A reviewing court must therefore perform an "independent check[ ] to assure that they yield reasonable results in particular cases."  *Id.*  In determining whether a request for attorney's fees under Section 406(b) is reasonable, the United States Supreme Court has explained that the court may properly consider the "character of the representation and the

---

[1] Page numbers refer to the pagination of the Court's Case Management/Electronic Case Files system (CM/ECF) printed at the top of the cited document.

[2] Mr. Osterhout calculated the estimated amount of past-due benefits by "multiplying the amount withheld for payment of attorney fees by four."  ECF No. 18 at 3 n.1.  The Commissioner confirms the favorable disposition and does not dispute the $47,804 figure as 25 percent of the total award.  ECF No. 20 at 1-2.

results the representative achieved." *Id.* at 808. Notably, a contingent fee agreement is not reasonable if the resultant fee constitutes a "windfall" to the attorney in the context of the case. *Id.* Thus, "a reduction in the contingent fee may be appropriate when (1) the fee is out of line with 'the character of the representation and the results . . . achieved,' (2) counsel's delay caused past-due benefits to accumulate 'during the pendency of the case in court,' or (3) past-due benefits 'are large in comparison to the amount of time counsel spent on the case.'" *Mudd* v. *Barnhart*, 418 F.3d 424, 428 (4th Cir. 2005) (quoting *Gisbrecht*, 535 U.S. at 808). Courts may require the attorney to provide a record of hours spent working on the case and the attorney's typical hourly billing charge. *Gisbrecht*, 535 U.S. at 808.

Here, it is uncontested that Mr. Osterhout and Plaintiff entered into a contingent fee agreement in which Plaintiff agreed to pay Mr. Osterhout 25 percent of all retroactive benefits to which Plaintiff might become entitled. ECF No. 18-3. In support of his motion for attorney's fees under 42 U.S.C. § 406(b), Mr. Osterhout states that he spent 29.4 hours on behalf of Plaintiff before this Court. ECF Nos. 18 at 4; 15-1 at 2. If Mr. Osterhout were to receive the full amount of the requested fees, his hourly rate for representation before this Court would be $1,625.99.[3] ECF No. 18 at 4. Mr. Osterhout must show that this effective hourly rate is reasonable for the services rendered. *Gisbrecht*, 535 U.S. at 807.

Mr. Osterhout did not provide any information to the Court regarding how long he has been a member of the bar, nor did he describe his experience representing plaintiffs in Social

---

[3] In fact, Mr. Osterhout's hourly rate would effectively be $1,927.58 because he spent 24.8 hours working on the case and a paralegal spent 4.6 hours. ECF No. 15-1 at 1-2. Given that the Court often commends the effective use of paralegals and that this Court has previously declined to differentiate between attorney hours and paralegal hours, the undersigned will not address what reduction, if any, is appropriate to account for tasks performed by a paralegal in this case. *E.g.*, *Dean W.* v. *Kijakazi*, Civil Action No. BAH-21-957, 2023 WL 5634320, at *2 n.3 (D. Md. Aug. 31, 2023).

Security appeals. Nevertheless, the Court may take judicial notice of its own records. *Anderson* v. *Federal Deposit Ins. Corp.*, 918 F.2d 1139, 1141 (4th Cir. 1990). Records of this Court reflect that in 2023 Mr. Osterhout was awarded attorney's fees in a Social Security case on a contingency fee that equated to $515.47 per hour, and in 2013 he represented a client in a non-Social Security-related case. *Yolanda F.* v. *Kijakazi*, Civil Action No. GLS-20-2717, 2023 WL 5697388, at *3-4 (D. Md. Sept. 1, 2023); *Brown* v. *Astrue*, Civil Action No. TMD-11-1063, 2013 WL 360259, at *1 (D. Md. Jan. 29, 2013). The undersigned therefore finds that Mr. Osterhout has been a member of the bar for at least 12 years and thus would be allocated an hourly billing rate of $225-350 per hour under the Local Rules. Local Rule App. B, Guideline 3(c).[4] Thus, Mr. Osterhout's effective hourly rate is more than three times the rate the Court granted to him in 2023 and more than five times the top hourly rate for attorneys of his experience level under the Local Rules. *Id*.

Mr. Osterhout has undoubtedly provided effective representation in this case, as evidenced by the past-due benefit awarded to his client. Nevertheless, an award of $47,804 for 29.4 hours of combined attorney and paralegal work in this case would result in an impermissible windfall. This Court has routinely reduced fee awards to avoid this result. *E.g.*, *Wendy M.* v.

---

[4] Although they do not explicitly govern Social Security cases, the section of this Court's Local Rules that prescribes guidelines for determining attorney's fees in other types of cases are instructive in evaluating the reasonableness of the effective hourly rate here. For attorneys "admitted to the bar for [between] nine (9) to fourteen (14) years," like Mr. Osterhout, the hourly rate is between $225.00 and $350.00 per hour. Local Rule App. B, Guideline 3(c); ECF No. 15-1 at 2. Mr. Osterhout's stated hourly billing rate of $237.75 falls within this range. ECF No. 15-1 at 2. Fee matrices can be a "useful starting point to determine fees" that a district court "may consider, but is not bound by." *De Paredes* v. *Zen Nails Studio LLC*, No. 23-2309, 2025 WL 1107398, at *2 (4th Cir. Apr. 15, 2025) (holding that a district court may not treat a fee matrix contained in its local rules as "presumptively reasonable" and require special justification to deviate from it) (quoting *Newport News Shipbuilding & Dry Dock Co.* v. *Holiday*, 591 F.3d 219, 229 (4th Cir. 2009)).

*Commissioner, Social Sec. Admin.*, Civil Action No. JMC-20-3376, 2023 WL 362810, at *1-2 (D. Md. Jan. 23, 2023) (reducing counsel's hourly rate from $1,375.19 to $1,000); *Aimy S.* v. *Saul*, Civil Action No. DLB-18-1821, 2020 WL 5500225, at *2 (D. Md. Sept. 11, 2020) (reducing hourly rate from $1,697.49 to $1,150); *Clinton B.* v. *Commissioner, Soc. Sec. Admin.*, Civil Action No. DLB-18-1529, 2020 WL 2797279, at *2 (D. Md. May 29, 2020) (reducing hourly rate to from $1,349.86 to $1,000); *Arvie W.* v. *Commissioner, Soc. Sec. Admin.*, Civil Action No. SAG-17-1148, 2019 WL 3975187, at *2 (D. Md. Aug. 22, 2019) (reducing hourly rate from $1,758.88 to $1,000).

    The undersigned finds that an award of $30,870, which is three times the top hourly rate for an attorney of Mr. Osterhout's experience level at $1,050 per hour, reasonably compensates Mr. Osterhout for the time he expended on Plaintiff's case. *E.g.*, *Hunter* v. *Commissioner, Soc. Sec. Admin.*, Civil Action No. SAG-15-3758, 2017 U.S. Dist. LEXIS 221544, at *4-5 (D. Md. Nov. 16, 2017) (approving contingency fee agreement with hourly rate of $1,140.41, while noting that the requested rate was "slightly more than triple the top hourly rate" for an attorney with eleven years of experience). Awarding three times the top hourly rate for attorneys of his experience level pursuant to the Local Rules in contingency fee Social Security cases is common in this District. *E.g.*, *Iris C.* v. *Kijakazi*, Civil Action No. BAH-21-3183, 2023 WL 5629644, at *2 (D. Md. Aug. 31, 2023) (awarding a contingency fee hourly rate of $1,100 per hour, just over three times the top hourly rate for an attorney with five to eight years of experience); *accord Larry D.* v. *Commissioner, Soc. Sec. Admin.*, Civil Action No. SAG-19-70, 2023 WL 3689571, at *2 (D. Md. May 26, 2023); *Amanda S.* v. *Saul*, Civil Action No. CBD-18-381, 2021 WL 2685327, at *4 (D. Md. June 30, 2021); *Kimberly B.* v. *Commissioner, Soc. Sec. Admin.*, Civil Action No. SAG-16-2519, 2019 WL 1559426, at *2 (D. Md. Apr. 10, 2019).

The case on which Mr. Osterhout relies does not call for a different result. ECF No. 18 at 5 (citing *Thomas* v. *Colvin*, Civil Action No. 5:12-02478-TLW, 2017 U.S. Dist. LEXIS 81111, at *4, n.1 (D.S.C. May 26, 2017)). The *Thomas* Court found that $1,649.67 was a reasonable hourly rate where counsel had more than 35 years of experience as a Social Security attorney and worked on the case for over 6.5 years. *Id*. at 4-5. Here, counsel did not include any information about his years of experience in Social Security appeals, nor did he explain why, in light of his 2023 fee award of $515.47 per hour for 78.7 hours of work, an award of $1,649.67 per hour for 29.4 hours of work is reasonable here. *Yolanda F.*, 2023 WL 569738, at *3-4.

### III. CONCLUSION

For the foregoing reasons, the motion for attorney's fees (ECF No. 18) is granted in part and denied in part. This Court awards $30,870 in attorney's fees to Mr. Osterhout and directs him to reimburse Plaintiff the $5,600 in funds received pursuant to the EAJA. A separate Order follows.

Date: May 1, 2025

/s/
Erin Aslan
United States Magistrate Judge